STATE OF RHODE ISLAND      SUPERIOR COURT
PROVIDENCE, SC

Jaimie Santagata,
Plaintiff

                C.A. No.:

v.

MiniLuxe, Inc.
Defendant

## COMPLAINT

### INTRODUCTORY STATEMENT/NATURE OF THE ACTION

This action is commenced by Jaimie Santagata (hereafter "Santagata" or "Plaintiff"), an individual, against MiniLuxe, Inc. (hereafter "Defendant" or "Employer"), in order to remedy and seek relief for the Defendant's unlawful and discriminatory employment practices, in violation of The Rhode Wage Payment Statute; The Rhode Island Whistleblowers' Protection Law and The Fair Labor Standards Act.

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to R.I.G.L. 8-2-14 et seq. All conditions precedent to establishing this court's jurisdiction over this action pursuant to R.I.G.L. 8-2-14 and other pertinent sections have been satisfied.

2. The employment practices hereafter alleged to be unlawful were, and are now, being committed in the State of Rhode Island, and form part of the same case or controversy.

3. Venue is proper in this Court, pursuant to, <u>inter alia</u>, R.I.G.L. §9-4-3 and §9-4-4 because:

    a.    the alleged unlawful practices occurred and/or are continuing to occur within the State of Rhode Island, and in this judicial district;

    b.    all records relevant to the alleged unlawful practices are maintained and administered in the Defendant's place of business in Cranston, Rhode Island, and within this judicial district;

    c.    the Plaintiff would not have been subjected to unlawful treatment by the Defendant at its place of business in Rhode Island, and within this judicial district, but for the Defendant's unlawful employment practices.

## PARTIES

4. The Plaintiff, Jaimie Santagata is a resident of Johnston, Rhode Island.

5. On information and belief, MiniLuxe, Inc is a foreign corporation authorized to do business pursuant to the laws of the State of Rhode Island with a principal place of business, located at 1 Fanueil Hall Square, Floor 7, Boston, MA. The corporation operates a location in the State of Rhode Island at 55 Hillside Rd., Cranston, RI., at which Plaintiff worked. The business provides beauty services in the area of nails and waxing.

6. On information and belief, at all times material to the allegations of this Complaint, the Defendant has continuously, and do now, employ at least 20 or more employees in the State of Rhode Island.

7. At all times material to the allegations of this Complaint, the Defendant qualified as an employer and/or covered entity pursuant to applicable provisions of the FLSA and the RI Wage Act and was an employer to the Plaintiff within the meaning of those Acts.

8. At all times material to this action, Plaintiff was an individual, employee, and/or person covered under the terms and provisions, and entitled to the protections of the FLSA; the RI Wage Act and other state and federal statutes.

9. On information and belief, and at all times pertinent to this Complaint, directors, managers, supervisors, administrators and employees engaging in discriminatory workplace treatment of the Plaintiff, were each a person acting in furtherance of the interest of, on behalf of, and as the agent of the employer, and the Defendant knew or should reasonably have known of their unlawful conduct.

## FACTS COMMON TO ALL COUNTS

10. Plaintiff commenced employment with the Defendant in March, 2016.

11. Plaintiff has maintained an impeccable work record devoid of any written warnings; negative evaluations or other indicia of problematic conduct or performance.

12. Plaintiff holds the position of Nail and Wax Technician.

13. In her position with this employer, Plaintiff is not exempt from the time and a half pay requirement for holidays and Sundays in the Rhode Island Wage Act.

14. Throughout her employment, Plaintiff, along with other similarly situated employees, have been denied time and a half despite working Sundays and holidays throughout her tenure of employment.

15. When Plaintiff inquired to the company as to whether she was entitled to the pay cited in Paragraph No. 14 she was informed "this company does not offer that."

16. Plaintiff, and other similarly situated employees, have also been denied lunch breaks and regular breaks for which they were due in light of hours worked.

17. Plaintiff, and other similarly situated employees, have been informed by management that their earned "tips" for services rendered will be released only upon the completion of additional salon duties such as cleaning the lab, laundry, and other tasks.

18. Plaintiff has had money missing from her "tip envelope(s)" on numerous occasions. Upon information and belief, other salon employees in addition to Plaintiff have complained to management about missing tip money.

19. Plaintiff brought the above concerns to her salon management but no action was taken.

20. When Plaintiff's attempts to address these matters in the salon were futile, she proceeded to contact the company's corporate office, in writing, to detail her legitimate and good faith concerns. Plaintiff contacted the company's corporate office on June 27, 2018.

21. The company responding by asking the Plaintiff for her "permission" to contact the district director "in order to open an investigation."

22. On July 9, 2018, counsel for Plaintiff sent a formal letter to the company.

23. Thereafter, Plaintiff was removed from the schedule at the salon. As of the date of the filing of this Complaint, she has been informed by **6 (six)** clients that they attempted to book appointments with her through the salon but were informed that she was "not available" and was "not going to be available."

24. Following intervention of counsel, Plaintiff was placed back on the schedule. Management informed her that they thought she was "on vacation." Plaintiff had not requested vacation for the period she was removed from the schedule (notably an extended period as she was completely removed) and there is no evidence whatsoever to indicate that she did.

25. The Plaintiff appeared for work ready, willing and able to accept clients and was treated in a humiliating, disparate and retaliatory manner. The timing of the conduct by the employer indicates that it was directly retaliatory for the Plaintiff asserting her rights by complaining to the corporate office, retaining counsel and objecting to what she believed in good faith to be unlawful workplace practices.

26. The Defendant knowingly and purposefully subjected the Plaintiff to humiliating, discriminatory and retaliatory treatment because she complained about what she reasonably believed to be unlawful conduct.

27. The Defendant's conduct, as referenced in the preceding paragraphs, reflects, in both purpose and effect, a blatant, willful, and/or malicious pattern of discrimination and unlawful treatment against the Plaintiff. Such conduct has involved an intentional, reckless, and/or callous indifference to the statutorily protected rights of the Plaintiff.

## COUNT I
## THE FAIR LABOR STANDARDS ACT OF 1938
## 29 U.S.C. §15 (a)(3)

28. The allegation in paragraphs 1-27, above, are incorporated herein by reference, in their entirety.

Defendant, by their individual and/or concerted acts or omissions, including but not limited to, those described herein, violated the FLSA by failing, refusing, or withholding pay owed to Plaintiff, thereby causing the Plaintiff to suffer damages as aforesaid, for which she is entitled to relief pursuant to 29 U.S.C. §216(b).

29.   Defendant by their individual and/or concerted acts and/or omissions, including but not limited to, those described herein, violated the FLSA, by subjecting Plaintiff to workplace harassment and retaliation for reporting wage violations, thereby causing the Plaintiff to suffer damages as aforesaid, for which she is entitled to relief pursuant to 29 U.S.C. §216(b).

30.   By the aforementioned acts and omissions, Defendant knowingly and willfully violated the Fair Labor Standards Act by retaliating against Plaintiff for reporting what she reasonably believed to be the Employers' unlawful wage/pay policies.

31.   The immediate cause and/or motivating factor of the Plaintiff's mistreatment was the Plaintiff's assertion of her rights under the Act and the discharge was discriminatory and violative of the provisions of his statute.

## COUNT II

### VIOLATIONS OF RHODE ISLAND WAGE PAYMENT STATUTES (REFUSAL TO PAY SUNDAY AND HOLIDAY PREMIUM PAY)

32.   The allegation in paragraphs 1-27, above, are incorporated herein

by reference, in their entirety.

33. In addition to Defendant's knowing and willful violations of the Fair Labor Standards Act, Defendant also knowingly and willfully violated the requirements of Rhode Island law to pay Plaintiff premium pay for regular hours worked on Sundays and holidays as required by R.I.G.L. §28-12-4.1 and R.I.G.L. § 25-3-3 and retaliated against the Plaintiff for asserting her rights in violation of §28-50-2.

34. Defendant is liable to Plaintiff for willful violations of R.I.G.L. §28-12-4.1 and R.I.G.L. § 25-3-3 and §28-50-2.

## COUNT III
## THE RI WHISTLEBLOWERS' PROTECTION ACT
## TITLE 28
## SECTION 28-50-1

35. The allegation in paragraphs 1-27, above, are incorporated herein by reference, in their entirety.

36. The Defendant's conduct as described above was motivated by an intent to discriminate against the Plaintiff and retaliate against the Plaintiff because, *inter alia*, he asserted her legally protected rights to avail herself to a lawful working environment and for complaining about conduct which she reasonably believed to be unlawful.

37. But for the Defendant's intent to retaliate against the Plaintiff because of

her conduct referenced in the previous paragraph, Defendant would not have retaliated against the Plaintiff or subjected her to discriminatory terms and condition of employment.

38. Defendant's conduct is in violation of the RI Whistleblowers' Act, RIGL section 28-50-01 *et seq.*

39. As a result of Defendant's unlawful conduct, Plaintiff has suffered severe distress, with resulting physical and/or emotional injuries, humiliation, harm to her career, harm to her reputation, lost wages, lost opportunities for advancement, attorney's fees, and other damages.

WHEREFORE, Plaintiff prays that judgment be entered herein against the Defendant, and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendant, and in favor of Plaintiff for all damages and equitable relief available, including, but not limited to:

a. a declaratory judgment declaring that the Defendant, in the manner described herein, willfully violated the requirements under the Fair Labor Standards Act, 29 USC §201, et seq., and the RI Wage Act,

b. in the alternative, a declaratory judgment declaring that the Defendant, in the manner described herein, violated that Fair Labor Standards Act, 29 USC §201, et seq., and the Rhode Island Wage Act.,

c. an order that the Defendant make whole the Plaintiff with appropriate lost earnings, benefits, and interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

d. an order that the Defendant make whole the Plaintiff by providing compensation for any pecuniary losses in amounts to be determined at trial;

e. an order that the Defendant make whole the Plaintiff by providing compensation for non-pecuniary losses, including, but not limited to emotional pain, suffering, humiliation, and mental anguish in amounts to be proven at trial, including an appropriate award of compensatory damages;

f. grant attorney's fees and the costs of this action;

g. grant punitive damages, as appropriate, to punish the Defendant for its malicious conduct and/or for its reckless and/or callous indifference to the statutorily protected rights of the Plaintiff;

h. grant an appropriate award of prejudgment interest, including an award of interest for all damages awarded to the Plaintiff from the date this cause of action accrued, pursuant to R.I.G.L. §9-21-10; and

i. grant such further relief as this Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands trial by jury of all issues pertinent to the causes in this Complaint triable as of right by jury.

Respectfully Submitted,
Jaimie Santagata
By Her Attorneys,

/s/ *Stephen T. Fanning*

---

Stephen T. Fanning (#3900)

/s/ *Brie G. Fanning*

---

Brie G. Fanning (#6635)
305 South Main Street
Providence, RI 02903
401-272-8250 / 401-272-4520 (FAX)