```
                 UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF RHODE ISLAND
_____
                                    )
JAIMIE SANTAGATA                    )
                                    )
          Plaintiff,                )
                                    )
     v.                             )    C.A. No. 18-428 WES
                                    )
MINILUXE, INC.,                     )
                                    )
          Defendant.                )
_____)
```

## MEMORANDUM AND ORDER

WILLIAM E. SMITH, District Judge.

Before the Court is Plaintiff Jaimie Santagata's Motion to Clarify Order on Motion for Summary Judgment ("Pl.'s Mot. to Clarify"), ECF No. 63. Recognizing the need for further clarification on the decision issued in the Court's January 17, 2023 text order, Plaintiff's motion is GRANTED, and the sought clarification is provided in this Memorandum and Order. Further, upon sua sponte reconsideration by the Court, the January 17, 2023 text order is vacated insofar as it suggests that Plaintiff may not proceed on her claim that she was terminated from her employment by Defendant.

I.  Background

The present motion concerns the end of Plaintiff's employment with Defendant MiniLuxe, Inc. ("MiniLuxe), the facts relevant to which are as follows.

Plaintiff was employed as a licensed cosmetologist by MiniLuxe between approximately March 2016 and November 2019. Def.'s Statement Undisp. Facts ("Def.'s SUF") ¶ 2, ECF No. 52; Pl.'s Statement Disp. Facts ("Pl.'s SDF") ¶ 2, ECF No. 57.  After a number of alleged conflicts between Plaintiff and management, Plaintiff took medical leave from August 31, 2018 to October 30, 2018.  See Def.'s SUF ¶ 85; Pl.'s SDF ¶ 85.

On November 8, 2018, shortly after her return from medical leave, Plaintiff received a negative performance evaluation. Def.'s SUF ¶¶ 86, 88-96; Pl.'s SDF ¶¶ 86, 88-96.  Plaintiff left work immediately after the evaluation, stating that she was sick. Def.'s SUF ¶ 97; Pl.'s SDF ¶ 97.  On November 9, 2018, Donna Charloff, a manager employed by MiniLuxe, wrote Plaintiff a letter asking whether Plaintiff intended to return to work and stating that Plaintiff "ha[d] not appeared at work since [she] walked off the job yesterday prior to the end of [her] scheduled work shift." Def.'s SUF ¶ 98; Pl.'s SDF ¶ 98.  Plaintiff received the letter by mail on November 10, 2018.  Pl.'s SDF ¶ 98.

On November 14, Plaintiff sent a responsive email to another manager, which stated in full:

> Good afternoon, in response to your letter dated November 9, 2018, I did not "walk off the job." I would be more than happy to return to work. Please advise when I can return to an environment that is lawful and reasonable and free from retaliatory conduct. I do not have Donna Charloff's email so you can forward this to her as well."

Pl.'s SDF ¶ 99. Plaintiff never received a response. Id.

On November 13, 2018, Plaintiff applied for unemployment benefits. Def.'s SUF ¶ 101; Pl.'s SDF ¶ 101. In connection with her application, an investigator from the Department of Labor interviewed her. Def.'s SUF ¶ 102; Pl.'s SDF ¶ 102. The notes from the interview say that Plaintiff stated, "I was advised by an attorney to quit due to constructive termination." Def.'s SUF ¶ 103; DX 26, ECF No. 52-26. However, in her deposition, Plaintiff denied making that statement to the investigator and testified:

> I definitely didn't tell them an attorney told me to quit my job, because at that time I didn't quit. I felt I was fired. I wouldn't have used any of that terminology, and my attorney for sure didn't tell me to quit my job. So I for sure know that's not accurate.

Pl.'s SDF ¶ 103; DX6 50:17-22.

Plaintiff's unemployment application was denied, and she appealed. Def.'s SUF ¶ 104; Pl.'s SDF ¶ 104. Plaintiff testified at an appeal hearing before the Rhode Island Board of Review on December 20, 2018. Def.'s SUF ¶ 105; Pl.'s SDF ¶ 105. When asked whether she told the Department of Labor investigator that she was advised by her attorney to quit due to constructive termination, she testified that she "did say that. Yes." DX 27 at 56-57, ECF

3

No. 52-27. She further testified that, on the date she spoke to the interviewer, she was willing to go back to work at MiniLuxe. Id. at 57.

II. Discussion

  A. Termination

In her motion for clarification, Plaintiff asserts that Defendant did not raise the issue of actual termination in its motion for summary judgment, and the Court's conclusion on this issue therefore resulted sua sponte. Pl.'s Mot. Clarification 3, ECF No. 63. Plaintiff is correct that Defendant's motion for summary judgment does not raise the issue of actual termination. See generally Def.'s MSJ. Although "[t]he rules of civil procedure permit a district court to grant a summary judgment motion 'on grounds not raised by a party,' but only '[a]fter giving notice and a reasonable time to respond.'" Oldham v. O.K. Farms, Inc., 871 F.3d 1147, 1151 (10th Cir. 2017) (quoting Fed. R. Civ. P. 56(f)(2)). Here, the issue of Plaintiff's actual termination was not briefed by the parties and was only touched on briefly at oral argument. Thus, due to lack of sufficient notice and time to respond on this issue, Plaintiff shall be permitted to advance her termination theory at trial, and the January 17, 2023 text order is vacated insofar as it suggests that Plaintiff may not proceed on her claim that she was terminated from her employment by Defendant. The response to Plaintiff's first request for

4

clarification ("is it the Court's finding that no reasonable factfinder could reach the conclusion that Plaintiff was terminated?") is that she is permitted to proceed to trial on a theory of termination.

   B. Constructive Discharge

In its Motion for Summary Judgment, Defendant preemptively raised the issue of constructive termination, acknowledging that this theory was not explicitly pleaded in the Complaint but asserting that it was implied by Plaintiff's requested relief of back pay, front pay, reinstatement, and punitive damages. Def.'s Mem. Supp. Mot. Summ. J. ("Def.'s MSJ") 31-32, ECF No. 51; Def.'s Reply Pl.'s Opp'n Def.'s Mot. Summ. J. ("Def.'s Reply") 5, ECF No. 58.  Plaintiff responded to Defendant's constructive discharge argument but noted that she had never asserted that she was constructively discharged and rather maintains that she was terminated.  Pl.'s Opp'n Def.'s Mot. Summ. J. ("Pl.'s Opp'n")38-39, ECF No. 56.  Plaintiff further asserted that she "may conform her claims at trial to the proof adduced" and that she could advance alternative legal theories concerning the end of her employment at a later juncture. Id.

   "A claim of constructive discharge . . . has two basic elements.  A plaintiff must prove first that he was discriminated against by his employer to the point where a reasonable person in his position would have felt compelled to resign. . . .  But he

5

must also show that he actually resigned." Green v. Brennan, 578 U.S. 547, 555 (2016) (internal citation omitted); see Pennsylvania State Police v. Suders, 542 U.S. 129, 148 (2004) ("[a] constructive discharge involves both an employee's decision to leave and precipitating conduct" by the employer). In her motion for clarification, Plaintiff questions whether a resignation need be "actual or formal to be effective," a question not answered by Green or Suders. Pl.'s Mot. Clarification 3.

Even assuming that a resignation need not be explicit or formal to be effective for the purposes of constructive discharge, however, the facts of this case do not support that theory of liability. Viewing the facts in the light most favorable to Plaintiff, the non-moving party, Cont'l Cas. Co. v. Canadian Universal Ins., Co., 924 F.2d 370, 373 (1st Cir. 1991), the contention that Plaintiff resigned her position is unsupported. In her last communication with Defendant, Plaintiff unequivocally indicated her desire to return to work. See Pl.'s SDF ¶ 99. Plaintiff has not pointed to any other evidence demonstrating that she resigned and continues to maintain her argument that she was terminated. See Pl.'s Mot. to Clarify 3, ECF No. 63.

Therefore, the answer to Plaintiff's second request to clarify, ("Is the Plaintiff precluded from raising a constructive discharge theory at trial on the basis that she did not _formally_ resign?") is that Plaintiff is indeed precluded from raising a

6

constructive discharge theory at trial, but not because of the lack of formal resignation. Rather, Plaintiff is precluded from raising a constructive discharge theory at trial because she has not demonstrated a genuine dispute of material fact on this issue and thus summary judgment was appropriately granted in favor of Defendant.

However, this decision is not fatal to Plaintiff's request for damages. Defendant argues that, because Plaintiff's constructive discharge claim fails, "any relief that would stem from a valid constructive discharge claim is not available to her. As a result, back pay, front pay, reinstatement and punitive damages are unavailable." Def.'s Reply 5. "[A] constructive discharge is functionally the same as an actual termination in damages-enhancing respects." Suders, 542 U.S. at 148. Because Plaintiff's actual termination claim survives Defendant's motion for summary judgment, that claim may still provide a basis for the requested damages.

Finally, Plaintiff seeks clarification as to whether "[b]ased on Defendant's pre-emptive arguments regarding the issue of constructive discharge, [she] is . . . now precluded from seeking to amend her complaint to assert alternate theories of liability," including constructive discharge. Because the parties had the opportunity to fully brief the issue of constructive discharge and the Court decided the issue on the merits, the Court concludes

7

that a motion to amend the Complaint to add this theory of liability would be futile. If Plaintiff would like to amend her Complaint to add another theory of liability not already foreclosed by summary judgment, she may file the appropriate motion to do so.

III. Conclusion

Plaintiff's motion for clarification, ECF No. 63, is GRANTED, and the January 17, 2023 text order is vacated insofar as it suggests that Plaintiff may not proceed on her claim that she was terminated from her employment by Defendant.

IT IS SO ORDERED.

_____
William E. Smith
District Judge
Date:  April 11, 2023